Electronically Filed - Jackson - Independence - July 09, 2020 - 03:32 PM

### IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
### AT KANSAS CITY

| | |
|---|---|
| **DARTANYON J. WHITWORTH,**<br>    **On behalf of himself and all similarly**<br>    **situated class members,** )<br> )<br> )<br> )<br>                   **Plaintiff,** )<br> )       **CASE NO.**<br>**v.** )<br> )       **DIVISION**<br> )<br>**JACKSON COUNTY,** )<br>**Serve:  County Executive Frank White** )<br>    **415 E. 12th St.** )<br>    **Kansas City, MO  64106** )<br> )<br>                  **Defendant.** )| |

### PETITION

COMES NOW Plaintiff, on his own behalf and as representatives of a class of persons similarly situated, allege as follows for their Petition against Defendant:

#### Parties, Jurisdiction and Venue

1.  Plaintiff Dartanyon J. Whitworth, on behalf of himself and all similarly situated class members (hereafter sometimes collectively referred to as "Whitworth"), is an individual and resident of Jackson County, Missouri.

2.  Defendant Jackson County is a Constitutional Home Rule Charter County of the State of Missouri.

3.  This court has general jurisdiction over civil and criminal matters pursuant to § 478.070, R.S.Mo.

4.  Venue is proper in this Circuit pursuant to § 508.060, R.S.Mo., in that Jackson County is the Defendant.



## Class Allegations

5. This action is instituted by the Plaintiff on behalf of himself and all other persons similarly situated to the Plaintiff, to wit: All persons who have paid Court Costs to the Jackson County Municipal Court, including the $25.00 charge purported to be assessed by § 1810.2(i), from January 29, 2008, through June 29, 2020.

6. Plaintiff presently believes that the class includes potentially over 100,000 separate individuals, and is so numerous that joinder of all members of the class would be impracticable.

7. The claims for relief asserted herein on behalf of Plaintiff and the class present questions of law and fact common to the class, including: The $25.00 fee purportedly imposed by § 1810.2(i), as it existed from its original effective date of January 29, 2008 until being amended by Jackson County Ordinance 5355, effective June 29, 2020, was not authorized by statute, was in fact contrary to statute and therefore void, and resulted in the unlawful taking of property, all without due process of law.

8. The claims of the representative party are typical of the claims of the class in that the representative party and each member of the class have claims for the identical monetary amount ($25.00 per case), as a result of application of the identical ordinance.

9. The Plaintiff as representative will fairly and adequately protect the interests of the class in that Plaintiff's legal claim is identical to all class members, and all class interests and points of view will therefore be represented, and Plaintiff has no connection or ties to Defendant, such that his interests are genuinely adverse to Defendant, ensuring that the issues will be fully and fairly litigated without collusion.

2

10. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudication with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

11. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

   a. The only factual issue is that each member paid the $25.00 fee established by § 1810.2(i);

   b. Legal issues will be identical with respect to each class member regarding the validity of § 1810.2(i), and the remedies therefore;

   c. Due to the relatively small amount of money involved for each member, individual class members have very limited interest in controlling the prosecution of the action;

   d. To Plaintiff's knowledge, there is currently no litigation pending regarding this claim;

   e. Concentrating this litigation in this forum would be superior to any other mechanism for resolution in that requiring individual cases could literally result in over 100,000 cases, with a value of $25.00 each, being filed.

   f. This class action would pose relatively few difficulties in management due to the limited nature of the factual and legal issues involved.

**Count I**

12. Plaintiff incorporates by reference all other allegations of this Petition.

13. A true and correct copy of Jackson County Ordinance 3972 is attached hereto as Exhibit A.

14. Ordinance 3972 was approved by the Jackson County Legislature on January 28, 2008, signed by the Jackson County Executive January 29, 2008, and became effective January 29, 2008.

15. A true and correct copy of Jackson County Ordinance 4690 is attached hereto as Exhibit B.

16. Ordinance 4690 was approved by the Jackson County Legislature on November 24, 2014, signed by the Jackson County Executive November 25, 2014, and became effective November 25, 2014.

17. A true and correct copy of Jackson County Ordinance 5355 is attached hereto as Exhibit C.

18. Ordinance 5355 was approved by the Jackson County Legislature on June 29, 2020, signed by the Jackson County Executive June 29, 2020, and became effective June 29, 2020.

19. Pursuant to § 66.010, R.S.Mo., costs in county municipal courts shall be governed by the provisions of law relating to municipal ordinance violations in municipal divisions of circuit courts.

20. Section 1810.2(i) of the Jackson County Code, as adopted by Exhibits A and B hereto, imposed a $25.00 fee as a "specific item of court costs."

21. The $25.00 fee imposed by § 1810.2(i) was not authorized by state statute.

22. The $25.00 fee imposed by § 1810.2(i) was therefore void.

4

Electronically Filed - Jackson - Independence - July 09, 2020 - 03:32 PM

23. Plaintiff, and each member of the class, were charged with a violation of a Jackson County ordinance in Jackson County Municipal Court and, as a result, paid the $25.00 specific item of court costs purported to be imposed by § 1810.2(i) at some point between January 29, 2008 and June 29, 2020.

24. As a direct and proximate result of Defendant's conduct, as aforesaid, Plaintiff and each class member have been damaged in the sum of $25.00 for each case in which Plaintiff and each class member paid court costs during the class period as defined above.

WHEREFORE, Plaintiff prays for the Court's order certifying this cause as a class action, and thereafter entering judgment against Defendant in the sum of $25.00 for himself, plus judgment against Defendant in the sum of $25.00 for each class member for each case in which such member paid the $25.00 fee imposed by § 1810.2(i) of the Jackson County code, along with the costs of this action and such other and further relief as the Court deems just and proper.

### Count II
### 42 U.S.C. §§ 1983 and 1988

25. Plaintiff incorporates by reference all other allegations of this Petition.

26. The conduct of Defendant as aforesaid was taken under color of state law.

27. The $25.00 cost imposed by § 1810.2(i) of the Jackson County Code is an official policy of Defendant Jackson County in that it was adopted by vote of the Jackson County Legislature and approved by the Jackson County Executive.

28. As a direct and proximate result of Defendant's conduct, as aforesaid, Plaintiff and each class member have been deprived of property without due process of law, as required by the 4th and 14th Amendments to the United States Constitution, as a result of being charged fees pursuant to an unlawful and void ordinance.

5

29. Plaintiff and each class member will incur attorneys' fees, costs and expenses in connection with the prosecution of this action.

WHEREFORE, Plaintiff prays for the Court's order certifying this cause as a class action, and thereafter entering judgment against Defendant in the sum of $25.00 for himself, plus judgment against Defendant in the sum of $25.00 for each class member for each case in which such member paid the $25.00 fee imposed by § 1810.2(i) of the Jackson County code, along with the costs of this action, including reasonable attorneys' fees and expenses, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

LAW OFFICES MICHAEL S. SHIPLEY, LLC

By:  /s/ Michael S. Shipley
     Michael S. Shipley     #33249
     204 A East Kansas
     Liberty, MO  64068
     (816) 781-0299 Telephone
     (816) 781-4088 Facsimile
     mshipley@mshipleyllc.com

and

SCHMITT LAW FIRM, LLC

By:  /s/ Ben T. Schmitt
     Ben T. Schmitt     #36828
     2600 Grand Blvd.
     Suite 380
     Kansas City, MO 64108
     Phone: 816-400-1000
     Fax: 816-389-4015
     ben@kansascitylawyers.com

ATTORNEYS FOR PLAINTIFF

6

# IN THE COUNTY LEGISLATURE OF JACKSON COUNTY, MISSOURI

**AN ORDINANCE** enacting chapter 18, <u>Jackson County Code</u>, 1984, relating to the County Municipal Court, consisting of thirteen new sections, with a penalty provision and an effective date.

**ORDINANCE #3972,** January 22, 2008

**INTRODUCED BY** Dennis Waits, County Legislator

WHEREAS, by section 66.0l0, RSMo (Senate Bill 22, Laws 2007), the General Assembly has authorized the County to prosecute violations of its County ordinances in a County Municipal Court; and,

WHEREAS, it is in the best interests of the health, welfare, and safety of the County's citizens that the County establish its own Municipal Court for this purpose; now therefore,

BE IT ORDAINED by the County Legislature of Jackson County Missouri, as follows:

Section A. <u>Enacting Clause</u>. Chapter 18, <u>Jackson County Code</u>, 1984, consisting of thirteen new sections, to be known as sections 1800., 1801., 1802., 1803., 1804., 1805., 1806., 1807., 1808., 1809., 1810., 1811., and 1812., is hereby enacted, to read as follows:

Case 4:20-cv-00661-FJG   Document 1-1   Filed 08/17/20   Page 7 of 46   EXHIBIT A

# CHAPTER 18

## COUNTY MUNICIPAL COURT

1800.        County Municipal Court--Establishment.

There is hereby established the County Municipal Court pursuant to section 66.010, RSMo.

1801.        County Municipal Court Administrator.

The County Executive shall appoint, or designate another County Official or employee to serve as, a County Municipal Court Administrator, who shall be the administrative officer for the County Municipal Court.  The County Municipal Court Administrator shall:

1806.1        General.

Supervise all matters relating to the County Municipal Court and all clerical and administrative personnel fo the court;

1806.2        Traffic Violations Bureau.

Supervise all matters and personnel relating to the Traffic Violations Bureau;

1806.3        Administrative Functions.

Perform those administrative functions incidental to the operation of the court;

1806.4        Assist Court.

Assist the court in the conduct of the business of the court with respect to such

Case 4:20-cv-00661-FJG   Document 1-1   Filed 08/17/20   Page 8 of 46   EXHIBIT A

other matters as the court may request from time to time; and,

1806.5    Appoint Staff.

Appoint court staff as authorized in the annual budget.

1802.    County Municipal Court–Organization.

1802.1    Sessions.

Regular sessions of the County Municipal Court shall be held at such times and places as the County Executive may determine. The Court's facilities shall be provided by the County. For purposes of this section, "regular sessions" means call dockets.

1802.2    Traffic Violations Bureau.

There shall be a Traffic Violations Bureau established pursuant to Missouri Supreme Court Rule 37.

1802.3    Rules.

The County Municipal Court shall promulgate general operating procedures and local rules of court not inconsistent with Missouri Supreme Court Rule 37 and the Rules of Court of the 16th Judicial Circuit.

1803. Judges.

1803.1      Appointment.

The County Executive may appoint one (1) judge of the County. Municipal Court, subject to the disapproval of the County Legislature, according to such procedures as the County Executive may promulgate by Executive Order.

1802.2      Qualifications.

Any judge appointed to the County Municipal Court shall be licensed to practice law in the state of Missouri, shall be a resident of the County, and shall serve for a term of two (2) years but may be removed sooner, with or without cause, by the County Executive. The County Executive may appoint temporary or acting judges in order to handle the work of the court during the disability or absence of a County Municipal judge; said appointment may be made by the County Executive prior to any disability or absence of a County Municipal judge. No temporary or acting judge shall be appointed for a term longer than two (2) years but may be removed sooner, with or without cause, by the County Executive.

1803.3      Limitations.

A judge appointed as a County Municipal Court judge shall not accept or handle cases in his or her practice of law which are inconsistent with his or her duties as a County Municipal Court judge. A County Municipal Court judge shall not be a judge or prosecutor in any other court; provided however, a judge, upon authorization by the circuit court of the sixteenth judicial circuit, may act as a commissioner to hear in the first instance nonfelony violations of state law involving

-4-

EXHIBIT A

motor vehicles as provided by local rule.

1803.4.    Compensation.

A judge appointed under this section shall not receive any of the benefits of a Jackson County employee. Compensation of a County Municipal Court judge shall be thirty-two thousand dollars ($32,000.00) per annum. Each County Municipal Court judge shall devote such time as is necessary to discharge his or her duties. The compensation for a temporary or acting judge shall be established by the County Executive but shall not exceed one hundred fifty dollars ($150.00) per diem.

1804.    Warrants.

1804.1    Generally.

A judge of the County Municipal Court of Jackson County shall have the authority to issue warrants for:

a. Searches or inspections to determine the existence of violations of any ordinance whose violation is punishable by fine or jail or both;

b.   Seizure of items of personal property, materials, or substances that constitute evidence of violation of any County ordinance; and

c.   Entry onto private property in the County for the purpose of abating a

-5-

public nuisance pursuant to any County ordinance, including but not limited to the provisions of Chapter 44 of this code.

1804.2     Procedure.

Warrants, searches, inspections, entries, and seizures made pursuant to this section shall conform to and be governed by the following provisions:

    a.    Any deputy sheriff, park ranger, or designee of the County Counselor may apply for the issuance of a warrant.

    b.    The application shall:

        1)    Be in writing;

        2)    State the time and date of the making of the application;

        3)    Identify the property or places to be searched, the items of personal property, materials, or substances to be seized or the public nuisance which is to be abated, in sufficient detail and particularity that the officer or other authorized County official executing the warrant can readily ascertain it;

        4)    State facts sufficient to show probable cause for the issuance of a warrant pursuant to subsection 1 of this section;

-6-

EXHIBIT A

5)      Be verified by the oath or affirmation of the applicant; and

6)      Be accompanied by an affidavit alleging facts which establish probable cause for the issuance of the requested warrant.

c.      The judge shall hold a nonadversary hearing to determine whether sufficient facts have been stated to justify the issuance of a warrant. If it appears from the application and any supporting affidavits that there is probable cause to inspect or search for violations of any specified provision of this Code or to seize items or to abate a public nuisance, a warrant shall immediately be issued to search for such violations or to seize such items or to abate such public nuisance. The warrant shall be issued in the form of an original and two (2) copies.

d.      The application and any supporting affidavits and a copy of the warrant shall be retained in the records of the Court.

e.      The warrant shall:

1)   Be in writing and in the name of the issuing authority;

2)   Be directed to any County deputy sheriff or park ranger or in the case of a warrant to seize or abate a public nuisance then, to an authorized County official or his or her designee;

-7-

EXHIBIT A

3) State the time and date the warrant is issued;

4) Identify the property or places to be searched or seized or the public nuisance to be abated in sufficient detail and particularity that the person(s) executing the warrant can readily ascertain it;

5) Command that the described property or places be searched or seized or that the public nuisance be abated and that any of the described property or materials or photographs of violations found thereon or therein be brought, within ten (10) days after filing of the application, to the judge who issued the warrant, to be dealt with according to law; and

6) Be signed by the judge, with his or her title of office indicated.

f.  A warrant issued under this section may be executed only by a deputy sheriff or park ranger or by a authorized County official or his or her designee.

g.  A warrant shall be executed as soon as practicable and shall expire if it is not executed and the return made within ten (10) days after the date of the making of the application.

-8-

h.  After execution of the warrant, the warrant, with a return thereon signed by the person making the search or seizure or performing the abatement, shall be delivered to the judge who issued the warrant. The return shall show the date and manner of execution, what was seized or abated, and the name of the possessor and of the owner of the property or places searched, seized, or abated, when he or she is not the same person, if known.

I.  Searches, seizures, and abatements shall be conducted in a reasonable manner. The person conducting same shall give to the owner or possessor of the property, if present, a copy of the warrant and an itemized receipt of any property seized or abated. If no owner or possessor is present, the person executing the warrant shall leave the copy and receipt at the site of the search, seizure, or abatement.

1804.3    Warrants, Invalid When.

A warrant shall be deemed invalid:

a. If it was not issued by a judge of the County Municipal Court;

b. If it was issued without a written application having been filed and verified;

c.  If it was issued without probable cause;

d.  If it was not issued with respect to property or places within the

-9-

EXHIBIT A

jurisdiction of the chapter on which the ordinance violation or nuisance abatement was based;

e. If it does not describe the property or places to be searched or seized or abated with sufficient certainty;

f. If it is not signed by the judge who issued it; or

g. If it was not executed within ten days after the date upon which the application therefor was made.

1805. <u>Violations</u> <u>of</u> <u>Ordinances</u>.

The County shall prosecute and punish violations of its ordinances in the County Municipal Court. This section shall not take effect until April 1, 2008. All County ordinance violations issued prior to April 1, 2008, shall be prosecuted in the Associate Circuit Court of Jackson County, Missouri.

1806. <u>Guilty</u> <u>Pleas</u> <u>and</u> <u>Trial</u> <u>Dates</u>.

In appropriate cases as set forth in local rules of the County Municipal Court, defendants charged with ordinance violations may enter not guilty pleas and obtain trial dates by telephone or by written communication without a personal appearance and may plead guilty and deliver by mail or electronic transfer or other approved method the specified amount of the fine and costs as otherwise provided by law, within a period of time specified

-10-

by the court or other provisions of law.

1807.     Failure To Appear.

It shall be unlawful for any person who has been charged with an offense of the County ordinances and the charge having been set in the County Municipal Court to fail to appear before such court as required. Proof of delivery or mailing of the court notice to the person shall establish a presumption of knowledge by that person of his or her court date.

1808.     Failure to Pay Fine.

It shall be unlawful for any person who has been convicted of, pled guilty to, or been found guilty of any offense in the County Municipal Court, and who has been sentenced to pay any fine or otherwise required by law to pay any monetary penalty or costs of court or reimbursement of expenses associated with the investigation or prosecution of such offense, to fail to pay such fine, penalty, costs, or reimbursement as required by the court.

1809.     Information.

All ordinance violations shall be prosecuted by information of the County Counselor or his other designee.

1810.     Court Costs.

1810.1     Generally.

Costs and procedures in the County Municipal Court shall be governed by the

-11-

provisions of law relating to municipal ordinance violations in municipal divisions of circuit courts.

1810.2      Specific Costs.

Specific items of court costs are as follows:

> a.      A fee of twelve dollars ($12.00) shall be levied for each ordinance violation filed before a county municipal judge and in the event that a defendant pleads guilty or is found guilty, the judge may assess costs against the defendant. Except as otherwise provided, the costs of this subsection are in lieu of other court costs. The costs herein provided shall be collected by the authorized clerk and deposited into the county treasury. Section 488.012(6), RSMo.

> b.      A surcharge of two dollars ($2.00) shall be assessed for the violation of a county ordinance. No such surcharge shall be assessed when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. The surcharges collected pursuant to this subsection shall be transmitted to the County Director of Finance and Purchasing for deposit in a fund law enforcement training in accordance with section 488.5336.1, RSMo.

> c.      A surcharge of one dollar ($1.00) shall be assessed for the violation

-12-

EXHIBIT A

of a county ordinance. No such surcharge shall be assessed when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. The surcharges collected pursuant to this subsection shall be transmitted to the State Treasury to the credit of the peace officer standards and training commission fund created in section 590.178, RSMo. Section 488.5336.2, RSMo.

d.      A surcharge of two dollars ($2.00) shall be assessed for the violation of a county ordinance, except that no surcharge shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. The surcharges levied pursuant to this subsection shall only be used for the purpose of providing operating expenses for shelters for battered persons as defined in sections 455.200 to 455.230, RSMo.    Section 488.607, RSMo.

e.      A surcharge of seven dollars and fifty cents ($7.50) for the "Crime Victims' Compensation Fund" shall be assessed as costs and distributed in the manner provided in section 595.045, RSMo, for violation of any county ordinance, except that no surcharge shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. 488.5339, RSMo.

f.      In addition to any other penalties imposed, the court may order a

-13-

defendant who pleads guilty or is found guilty of violation of or any alcohol or drug-related traffic offense to reimburse the County for the costs associated with his arrest, including the reasonable cost of making the arrest, the cost of any chemical tests to determine the alcohol or drug content of the defendant's blood, and the cost of processing, charging, booking and holding the defendant in custody. The Sheriff may establish a schedule of such costs for submission to the court. The costs herein provided shall be collected by the authorized clerk and deposited into the county treasury for deposit in a fund for the provision of services by sheriff.     Section 488.5334, RSMo.

g.     A surcharge of one dollar ($1.00) shall be assessed for violation of a county ordinance, except that no such surcharge shall be assessed when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. Such surcharge shall be collected by the clerk of the court and paid to the credit of the independent living center fund established by section 178.653. RSMo.     Section 488.5332, RSMo.

h.     A surcharge of one dollar ($1.00) shall be assessed for violation of a county ordinance, except that no such surcharge shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. Half of all moneys collected pursuant to this subsection shall be payable to the state treasurer for deposit to the credit of the "Missouri Office of Prosecution Services Fund" created by section

-14-

56.765.2, RSMo. Half of all moneys collected shall be payable to the county treasurer who shall deposit all of such funds into the county treasury in a separate fund to be used solely for the purpose of additional training for prosecuting attorneys and their staffs in accordance with the requirements of section 56.765.3, RSMo. Section 488.5017, RSMo.

I.    A fee of twenty-five dollars ($25.00) shall be assessed for violation of a county ordinance, except that no such fee shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. All such fees shall be payable to the county treasurer, who shall deposit those funds in the county treasury.

j.    A surcharge in the amount of two dollars ($2.00) shall be assessed for the violation of a county ordinance, which surcharge, when collected, shall be paid into the state treasury to the credit of the spinal cord injury fund created in section 304.027, RSMo. No such surcharge shall be collected when the court has dismissed the charge against the defendant, or when the costs are to be paid by the county.

k.    A surcharge in the amount of one dollar ($1.00) shall be assessed as costs for the violation of a county ordinance, which surcharge, when collected, shall be paid into the state treasury to the credit of the motorcycle safety trust fund created by section 302.137.1, RSMo. No such surcharge

-15-

shall be collected when the court has dismissed the charge against the defendant, or when the costs are to be paid by the county.

l.     A surcharge in the amount of two dollars ($2.00) shall be assessed as costs for the violation of a county ordinance, which surcharge, when collected, shall be paid into the state treasury to the credit of the head injury fund created by section 304.028.1, RSMo. No such surcharge shall be collected when the court has dismissed the charge against the defendant, or when the costs are to be paid by the county.

m.     A fee of two dollars ($2.00) shall be assessed for violation of a county ordinance, except that no such fee shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. All such fees shall be payable to the county treasurer, who shall deposit those funds in an Inmate Security Fund, to be utilized to develop biometric identification systems to ensure that inmates can be properly identified and tracked within the County jail system.   section 488.5026, RSMo.

n.     A surcharge in the amount of four dollars ($4.00) shall be assessed as costs for the violation of a county ordinance, which surcharge, according to section 56.807 RSMo, shall be utilized by the county treasurer for payments required to be made pursuant to section 56.807, RSMo for the

-16-

EXHIBIT A

Missouri Prosecuting Attorneys and Circuit Attorneys Retirement Fund. No such surcharge shall be collected when the court has dismissed the charge against the defendant, when the costs have been waived or are to be paid by the county, or against any person who has pled guilty and paid his or her fine in the central violations bureau established pursuant to section 476.385.4, RSMo.

1810.3    Costs Not Assessed, When.

Costs shall not be assessed as provided in this section in those cases where the defendant is found by the judge to be indigent and unable to pay the costs. Additionally, the costs authorized in subsection 1810.2(f) may be reduced if the court determines that the schedule of costs is excessive given the circumstances of the case or for good cause shown.

1810.4    Other Charges.

Costs authorized by this section are in addition to service charges, witness fees, and jail costs that may otherwise be authorized to be assessed.

1811.    Summons for Ordinance Violation.

1811.1    Issuance.

Any peace officer may, when a suspected violation of a County ordinance occurs, issue a summons to the suspected violator to appear before the County Municipal

-17-

Court at a date and time specified therein.

1811.2    Not Applicable in Traffic Cases.

The summons provided for herein shall not be issued in traffic cases which require

the use of the Uniform Traffic Ticket, under Missouri Supreme Court Rule 37.

1811.3    Form.

The summons provided for herein shall be substantially in the following form:

Summons - No. 000001

Case No. _____        Docket No. _____        Page No. _____

State of Missouri    )
                     ) ss Complaint
County of Jackson    )

In the County Municipal Court, Division _____

Jackson County, Missouri, Plaintiff,

vs.

_____, Defendant

_____, Defendant's Address

Description:

Race _____    Sex _____    Weight _____

Height _____    Birth Date _____    Age _____

Employer:_____

The County of Jackson, Missouri, to the above-named Defendant:

-18-

EXHIBIT A

You are hereby summoned to appear personally before this court at _____, on the

_____ day of _____, 19_____, at _____ o'clock _____ M., to answer

a complaint (information) charging you with

_____

_____

_____

in violation of Section _____ Jackson County Code, 1984, the penalty which may be

found in Section_____ Jackson County Code, 1984.

If you fail to appear a warrant will be issued for your arrest.

     All done in the County of Jackson County, Missouri (or) all done in the _____

Missouri, this _____ day of _____, 20_____.

Above complaint is true as I verily believe.

                              (Police Officer) (Signature)

Subscribed and sworn to before me this date.

                              Name and Title (Police)   (Date)

On information the undersigned prosecutor complains and informs the court that the above

facts are true as he/she verily believes.

-19-

Name _____

Title _____


I promise to appear at the above named place and time.

_____
Defendant's Signature

1812. Penalty.

In addition to the forfeiture of any security which may have been given or pledged for the release of any person charged with an offense under the ordinances of the County and set in the County Municipal Court, every person who is convicted of violating the provisions of section 1807. or 1808 of this chapter shall be punished by a fine not exceeding one thousand dollars ($1,000.00), except that the maximum fine permitted in any instance of the offense of failing to pay a fine, penalty, cost, or reimbursement shall not exceed that amount which is equivalent to the total of the fine, penalty, cost and/or reimbursement originally required by the Court. The penalty imposed hereunder shall be in addition to any penalties imposed upon conviction of any other offense, and the imposition of a penalty for violation of the provisions of section 1807. or 1808. shall not in any manner diminish the contempt powers of the Court.


Section B.     Effective Date.

Except as provided in section 1805. of this Ordinance, this Ordinance shall be effective upon its final adoption by the County Legislature and signature of the County Executive, as provided in article II, section 12 of the Jackson County Charter.

-20-

APPROVED AS TO FORM:

_____        _M̲a̲n̲n̲ ̲_̲_̲ ̲J̲o̲n̲e̲s̲_____
Chief Deputy County Counselor                County Counselor

I hereby certify that the attached Ordinance, Ordinance # 3972 of January 22, 2008 was
duly passed on _____January 28_____, 2008 by the
Jackson County Legislature. In the votes thereon were as follows:

          Yeas _____8_____          Nays ____○_____

          Abstaining __○__          Absent __/__


This Ordinance is hereby transmitted to the County Executive for his signature.

___1-29-08_____          _Mary Jo Spino_____
Date                                      Mary Jo Spino, Clerk of Legislature


I hereby approve the attached Ordinance, #3972.

___1/29/08_____          ___N Sanders_____
Date                                      Michael D. Sanders, County Executive

-21-

# IN THE COUNTY LEGISLATURE OF JACKSON COUNTY, MISSOURI

**AN ORDINANCE** repealing section 1300., 1301., 1302., 1303., 1304., 1305., 1306., 1307., 1308., 1309., 1310., and 1810. Jackson County Code, 1984, relating to court costs and enacting, in lieu thereof, two new sections relating to the same subject.

**ORDINANCE NO. 4690**, November 17, 2014

**INTRODUCED BY** Theresa Garza Ruiz and Crystal Williams, County Legislators

WHEREAS, with the adoption of House Bill 1238 (Laws 2014), the Missouri General Assembly has authorized an increase from $2.00 to $4.00 per case in the court cost for criminal cases, with the proceeds to be used for providing operating expenses for shelters for battered persons; and

WHEREAS, it is appropriate that this increase be authorized in the case of the county municipal court, and that this cost be authorized for the first time in the case of criminal cases filed in circuit court; and

WHEREAS, with the adoption of chapter 18 of the Jackson County Code, relating the county municipal court, existing sections 1300. – 1310. of the code, relating to court costs and proceedings in the former magistrates court, have become surplussage and unnecessary, and should be repealed; and

WHEREAS, the adoption of this Ordinance is in the best interest's of the health, welfare, and safety of the citizens of Jackson County; now therefore

BE IT ORDAINED by the County Legislature of Jackson County, Missouri, as follows:

Section A.  Enacting Clause.

Section 1300., 1301.. 1302., 1303., 1304., 1305., 1306., 1307., 1308., 1309., 1310., and 1810., Jackson County Code, 1984, are hereby repealed, and two new section enacted in lieu thereof, to be known as section 1312. and 1810., to read as follows:

[1300. Ordinance Violation, Costs.

In addition to any fine imposed by the Magistrate Court as authorized by law and by ordinance on a person convicted of an ordinance violation, the Magistrate Court shall, in addition to those costs taxable under state law, tax the following costs against the defendant on conviction.

1  Magistrate Fee.

> A magistrate fee of two dollars and fifty cents ($2.50) shall be taxed.

2  Magistrate Cost.

> A magistrate cost of two dollars and fifty cents ($2.50) shall be taxed.

3  County Counselor Cost.

> A county counsel or cost of ten dollars ($10) shall be taxed.]

[1301. Payment.

The costs set forth in Sections 1300.01, 1300.02 and 1300.03 are to be paid into the court at the time of payment of the fine.]

-2-

**[1302. Costs Paid Into General Revenue Fund.**

All costs except the magistrate fee assessed by the court shall be paid into the general revenue fund of Jackson County.**]**

**[1303. Ordinance Violations, Witness Compensation.**

The following amounts shall be allowed and paid to witnesses subpoenaed by the court to appear in ordinance violation cases.

1. Witness Fee.

The amount allowed and paid as a witness fee for each day of service shall be one dollar and fifty cents ($1.50) per day.

2. Witness Mileage.

The amount allowed and paid a witness mileage shall be ten cents ($.10) per mile.**]**

**[1304. When Payment Due Witnesses.**

Witness fees and mileage shall be allowed and paid only to witnesses subpoenaed by the court and only on presentation of the subpoena duly signed and with the seal of the court on it.**]**

-3-

[1305. Sworn Statement.

Persons paying witness shall obtain a sworn statement of the number of days served and mileage traveled.]


[1306. Signed Receipt.

Persons paying witnesses shall take a signed receipt for the fee.]


[1307. Unclaimed Witness Compensation.

Any witness fee or mileage allowance not claimed within one (1) year from the date of service shall be paid into the general revenue fund of Jackson County.]


[1308. Maximum at Cost of County.

If the complaint or affidavit alleges a county ordinance violation is signed by a person other than a peace officer or the county counselor, the prosecuting witness and the defendant shall each be allowed to subpoena three (3) witnesses and witness fees and mileage allowances shall be taxed at the time of judgment as provided in Sections 1303.00 through 1307.00.]


[1309. Costs Paid Additional Witness.

If either party shall want more than three (3) witnesses each, that party shall pay into the court the sum for each witness over three (3) at the time that party asks for the additional witnesses to subpoenaed.]

-4-

**[**1310. Defendant Discharged or Acquitted.

If the complaint shall be signed by a person other than a peace officer or county counselor and the defendant is discharged or acquitted, the magistrate may at his discretion adjudge the prosecuting witnesses to pay the costs.**]**


1312. Additional Surcharge, Shelters for Battered Persons.

The official responsible for collecting court costs and fines shall, in addition to all other costs and surcharges authorized by law and this code, collect an additional surcharge in the amount of four dollars per case for each criminal case arising in circuit court.

    1312.1      No Surcharge when Case Dismissed.

    No surcharge shall be collected pursuant to this section in any proceeding where the proceeding or defendant has been dismissed by the court or where costs are to be paid by the state.

    1312.2      Surcharge Proceeds, Distribution and Use.

    Such surcharge shall be collected and disbursed as provided in sections 488.010-.020, RSMo. The surcharge proceeds shall be payable to the county. The county shall use such proceeds only for the purpose of providing operating expenses for shelters for battered persons as defined in sections 455.200-.230, RSMo.

-5-

EXHIBIT B

1810.      Court Costs.

    1810.1      Generally.

Costs and procedures in the County Municipal Court shall be governed by the provisions of law relating to municipal ordinance violations in municipal divisions of circuit courts.

    1810.2      Specific Costs.

Specific items of court costs are as follows:

        a.      A fee of twelve dollars ($12.00) shall be levied for each ordinance violation filed before a county municipal judge and in the event that a defendant pleads guilty or is found guilty, the judge may assess costs against the defendant. Except as otherwise provided, the costs of this subsection are in lieu of other court costs. The costs herein provided shall be collected by the authorized clerk and deposited into the county treasury. Section 488.012(6), RSMo.

        b.      A surcharge of two dollars ($2.00) shall be assessed for the violation of a county ordinance. No such surcharge shall be assessed when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. The surcharges collected

-6-

EXHIBIT B

pursuant to this subsection shall be transmitted to the County Director of Finance and Purchasing for deposit in a fund law enforcement training in accordance with section 488.5336.1, RSMo.

c.      A surcharge of one dollar ($1.00) shall be assessed for the violation of a county ordinance. No such surcharge shall be assessed when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. The surcharges collected pursuant to this subsection shall be transmitted to the State Treasury to the credit of the peace officer standards and training commission fund created in section 590.178, RSMo.  Section 488.5336.2, RSMo.

d.      A surcharge of [two] four dollars ($[2]4.00) shall be assessed for the violation of a county ordinance, except that no surcharge shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. The surcharges levied pursuant to this subsection shall only be used for the purpose of providing operating expenses for shelters for battered persons as defined in sections 455.200 to 455.230, RSMo.  Section 488.607, RSMo.

e.      A surcharge of seven dollars and fifty cents ($7.50) for the "Crime Victims' Compensation Fund" shall be assessed as costs and distributed

-7-

in the manner provided in section 595.045, RSMo, for violation of any county ordinance, except that no surcharge shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county.  488.5339, RSMo.

f.     In addition to any other penalties imposed, the court may order a defendant who pleads guilty or is found guilty of violation of or any alcohol or drug-related traffic offense to reimburse the County for the costs associated with his arrest, including the reasonable cost of making the arrest, the cost of any chemical tests to determine the alcohol or drug content of the defendant's blood, and the cost of processing, charging, booking and holding the defendant in custody. The Sheriff may establish a schedule of such costs for submission to the court. The costs herein provided shall be collected by the authorized clerk and deposited into the county treasury for deposit in a fund for the provision of services by sheriff. Section 488.5334, RSMo.

g.     A surcharge of one dollar ($1.00) shall be assessed for violation of a county ordinance, except that no such surcharge shall be assessed when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. Such surcharge shall be collected by the clerk of the court and paid to the credit of the independent

-8-

living center fund established by section 178.653. RSMo. Section 488.5332, RSMo.

h.    A surcharge of one dollar ($1.00) shall be assessed for violation of a county ordinance, except that no such surcharge shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. Half of all moneys collected pursuant to this subsection shall be payable to the state treasurer for deposit to the credit of the "Missouri Office of Prosecution Services Fund" created by section 56.765.2, RSMo.  Half of all moneys collected shall be payable to the county treasurer who shall deposit all of such funds into the county treasury in a separate fund to be used solely for the purpose of additional training for prosecuting attorneys and their staffs in accordance with the requirements of section 56.765.3, RSMo.  Section 488.5017, RSMo.

i.    A fee of twenty-five dollars ($25.00) shall be assessed for violation of a county ordinance, except that no such fee shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. All such fees shall be payable to the county treasurer, who shall deposit those funds in the county treasury.

-9-

EXHIBIT B

j.     A surcharge in the amount of two dollars ($2.00) shall be assessed for the violation of a county ordinance, which surcharge, when collected, shall be paid into the state treasury to the credit of the spinal cord injury fund created in section 304.027, RSMo. No such surcharge shall be collected when the court has dismissed the charge against the defendant, or when the costs are to be paid by the county.

k.     A surcharge in the amount of one dollar ($1.00) shall be assessed as costs for the violation of a county ordinance, which surcharge, when collected, shall be paid into the state treasury to the credit of the motorcycle safety trust fund created by section 302.137.1, RSMo.   No such surcharge shall be collected when the court has dismissed the charge against the defendant, or when the costs are to be paid by the county.

l.     A surcharge in the amount of two dollars ($2.00) shall be assessed as costs for the violation of a county ordinance, which surcharge, when collected, shall be paid into the state treasury to the credit of the head injury fund created by section 304.028.1, RSMo.   No such surcharge shall be collected when the court has dismissed the charge against the defendant, or when the costs are to be paid by the county.

-10-

EXHIBIT B

m.     A fee of two dollars ($2.00) shall be assessed for violation of a county ordinance, except that no such fee shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. All such fees shall be payable to the county treasurer, who shall deposit those funds in an Inmate Security Fund, to be utilized to develop biometric identification systems to ensure that inmates can be properly identified and tracked within the County jail system. Section 488.5026, RSMo.

n.     A surcharge in the amount of four dollars ($4.00) shall be assessed as costs for the violation of a county ordinance, which surcharge, according to section 56.807 RSMo, shall be utilized by the county treasurer for payments required to be made pursuant to section 56.807, RSMo for the Missouri Prosecuting Attorneys and Circuit Attorneys Retirement Fund. No such surcharge shall be collected when the court has dismissed the charge against the defendant, when the costs have been waived or are to be paid by the county, or against any person who has pled guilty and paid his or her fine in the central violations bureau established pursuant to section 476.385.4, RSMo.

-11-

1810.3     Costs Not Assessed, When.

Costs shall not be assessed as provided in this section in those cases where the defendant is found by the judge to be indigent and unable to pay the costs. Additionally, the costs authorized in subsection 1810.2(f) may be reduced if the court determines that the schedule of costs is excessive given the circumstances of the case or for good cause shown.

1810.4     Other Charges.

Costs authorized by this section are in addition to service charges, witness fees, and jail costs that may otherwise be authorized to be assessed.

EXHIBIT B

Effective Date: This Ordinance shall be effective immediately upon its passage by the County Executive.

APPROVED AS TO FORM:

_Quy D Hall_                                      _W. Stephen Nixon_
Chief Deputy County Counselor              County Counselor

I hereby certify that the attached Ordinance, Ordinance No. 4690 introduced on November 17, 2014, was duly passed on _November 24_____, 2014 by the Jackson County Legislature. The votes thereon were as follows:

Yeas _____9_____          Nays _____0_____

Abstaining __0_____        Absent __0_____

This Ordinance is hereby transmitted to the County Executive for his signature.

_11·24·14_____          _Mary Jo Spino_____
Date                              Mary Jo Spino, Clerk of Legislature

I hereby approve the attached Ordinance No. 4690.

_4/25/2014_____          _M. D. Sanders_____
Date                              Michael D. Sanders, County Executive

-13-

## IN THE COUNTY LEGISLATURE OF JACKSON COUNTY, MISSOURI

**AN ORDINANCE** repealing section 1810., Jackson County Code, 1984, relating to court costs, and enacting, in lieu thereof, one new section relating to the same subject.

**ORDINANCE NO. 5355**, June 8, 2020

**INTRODUCED BY** Ronald E. Finley, County Legislator

WHEREAS, a periodic review has indicated that certain subsections of the Jackson County Code relating to court costs, fees, and surcharges that are chargeable in County Municipal Court upon a conviction of an ordinance offense after trial or plea of guilty, require revision to ensure consistency with Missouri Law; and,

WHEREAS, such a revision is in the best interests of the health, welfare, and safety of the citizens of Jackson County; now therefore,

BE IT ORDAINED by the County Legislature of Jackson County, Missouri, as follows:

Section A. Enacting Clause

Section 1810., Jackson County Code, 1984, is hereby repealed and one new section enacted in lieu thereof, to be known as section 1810., to read as follows:

1810.    Court Costs.

1810.1    Generally.
Costs and procedures in the County Municipal Court shall be governed by the provisions of law relating to municipal ordinance violations in municipal divisions of circuit courts.

1810.2    Specific Costs.
Specific items of court costs are as follows:

1810.2    Specific Costs.
Specific items of court costs are as follows:

a.    Clerk Fee.
A fee of twelve dollars ($12.00) shall be levied for each ordinance violation filed before a county municipal judge and in the event that a defendant pleads guilty or is found guilty, the judge may assess costs against the defendant. Except as otherwise provided, the costs of this subsection are in lieu of other court costs. The costs herein provided shall be collected by the authorized clerk and deposited into the county treasury. Section 488.012.3(6), RSMo.

b.    County Fee.
A fee of ten dollars ($10.00) shall be assessed for violation of a county ordinance, except that no such fee shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. All such fees shall be payable to the county treasurer, who shall deposit those funds in the county treasury. Section 488.4014.1, RSMo.

c.    Crime Victims' Compensation (CVC) Fund Surcharge.
A surcharge of seven dollars and fifty cents ($7.50) for the "Crime Victims' Compensation Fund" shall be assessed as costs and distributed in the manner provided in section 595.045, RSMo, for violation of any county ordinance, except that no surcharge shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. Sections 488.5339.1 and 595.045, RSMo.

d.    Brain Injury Fund Surcharge.
A surcharge in the amount of two dollars ($2.00) shall be assessed as costs for the violation of a county ordinance, which surcharge, when collected, shall be paid into the state treasury to the credit of the brain injury fund created by section 304.028.1, RSMo. No such surcharge shall be collected when the court has dismissed the charge against the defendant, or when the costs are to be paid by the county. Section 304.028, RSMo.

-2-

EXHIBIT C

e.    Independent Living Center Fund Surcharge.

A surcharge of one dollar ($1.00) shall be assessed for violation of a county ordinance, except that no such surcharge shall be assessed when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. Such surcharge shall be collected by the clerk of the court and paid to the credit of the independent living center fund established by section 178.653. RSMo. Section 488.5332, RSMo.

f.    Motorcycle Safety Trust Fund Surcharge.

A surcharge in the amount of one dollar ($1.00) shall be assessed as costs for the violation of a county ordinance, which surcharge, when collected, shall be paid into the state treasury to the credit of the motorcycle safety trust fund created by section 302.137.1, RSMo. No such surcharge shall be collected when the court has dismissed the charge against the defendant, or when the costs are to be paid by the county. Section 302.137, RSMo.

g.    Peace Officer Standards and Training (POST) Commission Surcharge.

A surcharge of one dollar ($1.00) shall be assessed for the violation of a county ordinance. No such surcharge shall be assessed when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. The surcharges collected pursuant to this subsection shall be transmitted to the State Treasury to the credit of the peace officer standards and training commission fund created in section 590.178, RSMo. Section 488.5336.1, RSMo.

h.    Prosecuting Attorneys and Circuit Attorneys' Retirement Fund Surcharge.

A surcharge in the amount of four dollars ($4.00) shall be assessed as costs for the violation of a county ordinance, which surcharge, according to section 56.807 RSMo, shall be utilized by the county treasurer for payments required to be made pursuant to section 56.807, RSMo for the Missouri Prosecuting Attorneys and Circuit Attorneys Retirement Fund. No such surcharge shall be collected when the court has dismissed the charge against the defendant, when the costs have been waived or are to be paid by the county. Sections 488.026 and 56.807.7, RSMo.

i.    Prosecuting Attorney Training Fund Surcharge.

A surcharge of five dollars ($5.00) shall be assessed for violation of a county ordinance, except that no such surcharge shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. Half of all moneys collected pursuant to this subsection shall be payable to the state treasurer for deposit to the credit of the "Missouri Office of Prosecution Services Fund" created by section 56.765.2, RSMo. Half of all moneys collected shall be payable to the county treasurer who shall deposit all of such funds into the county

-3-

EXHIBIT C

treasury in a separate fund to be used solely for the purpose of additional training for prosecuting attorneys and their staffs in accordance with the requirements of section 56.765.3, RSMo. Sections 488.5017 and 56.765, RSMo.

j.  Sheriffs' Retirement Fund Surcharge.
A surcharge in the amount of three dollars ($3.00) shall be assessed as costs for the violation of a county ordinance, which surcharge, according to section 488.024, RSMo, shall by utilized by the country treasurer for payments required to be made pursuant to section 488.024, RSMo for the Sheriff's Retirement Fund. No such surcharge shall be collected in any proceeding involving a violation of an ordinance when the court has dismissed the charge against the defendant, or when costs are to be paid by the county. Section 488.024, RSMo.

k.  Spinal Cord Injury Fund Surcharge.
A surcharge in the amount of two dollars ($2.00) shall be assessed for the violation of a county ordinance, which surcharge, when collected, shall be paid into the state treasury to the credit of the spinal cord injury fund created in section 304.027, RSMo. No such surcharge shall be collected when the court has dismissed the charge against the defendant, or when the costs are to be paid by the county. Section 304.027, RSMo.

l.  Juvenile Justice Preservation Fund Surcharge.
A surcharge in the amount of two dollars ($2.00) shall be assessed as costs for the violation of a county traffic ordinance in which the defendant has plead guilty, according to the requirements of section 211.435, RSMo. No such surcharge shall be collected in any proceeding involving a violation of an ordinance when the court has dismissed the charge against the defendant, or when costs are to be paid by the county. Such surcharge shall be collected and disbursed by the clerk of the court as provided by sections 488.010 to 488.020, RSMo. The surcharge collected under this section shall be paid into the state treasury to the credit of the juvenile justice preservation fund created by section 211.435, RSMo. The provisions of this subsection shall expire on August 28, 2024. Section 211.435, RSMo.

m.  Domestic Violence Shelter Surcharge.
A surcharge of four dollars ($4.00) shall be assessed for the violation of a county ordinance, except that no surcharge shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. The surcharges levied pursuant to this subsection shall only be used for the purpose of providing operating expenses for shelters for battered persons as defined in sections 455.200 to 455.230, RSMo. Section 488.607, RSMo.

-4-

EXHIBIT C

n.      Inmate Prisoner Detainee Security Fund Surcharge.
A surcharge of two dollars ($2.00) shall be assessed for violation of a county ordinance, except that no such fee shall be collected when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. All such surcharges shall be payable to the county treasurer, who shall deposit those funds in an Inmate Prisoner Detainee Security Fund, to be utilized to develop biometric identification systems to ensure that inmates can be properly identified and tracked within the county jail system. Section 488.5026, RSMo.

o.      Law Enforcement Arrest Costs.
In addition to any other penalties imposed, the court may order a defendant who pleads guilty or is found guilty of violation of or any alcohol or drug-related traffic offense to reimburse the county for the costs associated with his arrest, including the reasonable cost of making the arrest, the cost of any chemical tests to determine the alcohol or drug content of the defendant's blood, and the cost of processing, charging, booking and holding the defendant in custody. The Sheriff may establish a schedule of such costs for submission to the Court. The costs herein provided shall be collected by the authorized clerk and deposited into the county treasury for deposit in a fund for the provision of services by sheriff. Section 488.5334, RSMo.

p.      Law Enforcement Training Fund Surcharge.
A surcharge of two dollars ($2.00) shall be assessed for the violation of a county ordinance. No such surcharge shall be assessed when the proceeding or defendant has been dismissed by the court or when costs are to be paid by the county. The surcharges collected pursuant to this subsection shall be transmitted to the County Director of Finance and Purchasing for deposit in a fund law enforcement training in accordance with section 488.5336, RSMo. (Ord. 4690, Eff. 11/17/14)

1810.3      Costs Not Assessed, When.
Costs shall not be assessed as provided in this section in those cases where the defendant is found by the judge to be indigent and unable to pay the costs. Additionally, the costs authorized in subsection 1810.2(f) may be reduced if the court determines that the schedule of costs is excessive given the circumstances of the case or for good cause shown.

1810.4      Other Charges.
Costs authorized by this section are in addition to service charges, witness fees, and jail costs that may otherwise be authorized to be assessed. (Ord. 3972, Eff. 1/29/08; Ord. 4690, Eff. 11/17/14)

-5-

EXHIBIT C

Effective Date: This ordinance shall be effective immediately upon its signature by the County Executive.

APPROVED AS TO FORM:

_____          _____
Chief/Deputy County Counselor             County/Counselor

I hereby certify that the attached ordinance, Ordinance No. 5355 introduced on June 8, 2020, was duly passed on _____June.29_____, 2020 by the Jackson County Legislature. The votes thereon were as follows:

Yeas _____9_____          Nays _____0_____

Abstaining _____0_____          Absent _____0_____

This Ordinance is hereby transmitted to the County Executive for his signature.

_____6.29.2020_____          _____
Date                              Mary Jo Spino, Clerk of Legislature

I hereby approve the attached Ordinance No. 5355.

_____6/29/2020_____          _____
Date                              Frank White, Jr., County Executive

-6-

EXHIBIT C