## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DARTANYON J. WHITWORTH, ) <br>   On behalf of himself and all similarly ) <br>   situated class members, ) <br> ) <br>          **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> JACKSON COUNTY, ) <br> ) <br>          **Defendant.** ) | CASE NO.    4:20-CV-00661-FJG |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, on his own behalf and as representative of a class of persons similarly situated, and, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), allege as follows for his First Amended Complaint against Defendant:

### Parties, Jurisdiction and Venue

1. Plaintiff Dartanyon J. Whitworth, on behalf of himself and all similarly situated class members (hereafter sometimes collectively referred to as "Whitworth"), is an individual and resident of Jackson County, Missouri.

2. Defendant Jackson County is a Constitutional Home Rule Charter County of the State of Missouri.

3. This court has general jurisdiction over civil and criminal matters pursuant to § 478.070, R.S.Mo.

4. Venue is proper in this Circuit pursuant to § 508.060, R.S.Mo., in that Jackson County is the Defendant.

## Class Allegations

5. This action is instituted by the Plaintiff on behalf of himself and all other persons similarly situated to the Plaintiff, to wit: All persons who have paid Court Costs to the Jackson County Municipal Court, including the $25.00 charge purported to be assessed by § 1810.2(i), from January 29, 2008, through June 29, 2020.

6. Plaintiff presently believes that the class includes potentially over 100,000 separate individuals, and is so numerous that joinder of all members of the class would be impracticable.

7. The claims for relief asserted herein on behalf of Plaintiff and the class present questions of law and fact common to the class, including: The $25.00 fee purportedly imposed by § 1810.2(i), as it existed from its original effective date of January 29, 2008 until being amended by Jackson County Ordinance 5355, effective June 29, 2020, was not authorized by statute, was in fact contrary to statute and therefore void, and resulted in the unlawful taking of property, all without due process of law.

8. The claims of the representative party are typical of the claims of the class in that the representative party and each member of the class have claims for the identical monetary amount ($25.00 per case), as a result of application of the identical ordinance.

9. The Plaintiff as representative will fairly and adequately protect the interests of the class in that Plaintiff's legal claim is identical to all class members, and all class interests and points of view will therefore be represented, and Plaintiff has no connection or ties to Defendant, such that his interests are genuinely adverse to Defendant, ensuring that the issues will be fully and fairly litigated without collusion.

10. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudication with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

11. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

    a. The only factual issue is that each member paid the $25.00 fee established by § 1810.2(i);

    b. Legal issues will be identical with respect to each class member regarding the validity of § 1810.2(i), and the remedies therefore;

    c. Due to the relatively small amount of money involved for each member, individual class members have very limited interest in controlling the prosecution of the action;

    d. To Plaintiff's knowledge, there is currently no litigation pending regarding this claim;

    e. Concentrating this litigation in this forum would be superior to any other mechanism for resolution in that requiring individual cases could literally result in over 100,000 cases, with a value of $25.00 each, being filed.

    f. This class action would pose relatively few difficulties in management due to the limited nature of the factual and legal issues involved.

## Count I

12. Plaintiff incorporates by reference all other allegations of this Petition.

13. A true and correct copy of Jackson County Ordinance 3972 is attached hereto as Exhibit A.

14. Ordinance 3972 was approved by the Jackson County Legislature on January 28, 2008, signed by the Jackson County Executive January 29, 2008, and became effective January 29, 2008.

15. A true and correct copy of Jackson County Ordinance 4690 is attached hereto as Exhibit B.

16. Ordinance 4690 was approved by the Jackson County Legislature on November 24, 2014, signed by the Jackson County Executive November 25, 2014, and became effective November 25, 2014.

17. A true and correct copy of Jackson County Ordinance 5355 is attached hereto as Exhibit C.

18. Ordinance 5355 was approved by the Jackson County Legislature on June 29, 2020, signed by the Jackson County Executive June 29, 2020, and became effective June 29, 2020.

19. Pursuant to § 66.010, R.S.Mo., costs in county municipal courts shall be governed by the provisions of law relating to municipal ordinance violations in municipal divisions of circuit courts.

20. Section 1810.2(i) of the Jackson County Code, as adopted by Exhibits A and B hereto, imposed a $25.00 fee as a "specific item of court costs."

21. The $25.00 fee imposed by § 1810.2(i) was not authorized by state statute.

22. The $25.00 fee imposed by § 1810.2(i) was therefore void.

23. On or about January 19, 2019, Plaintiff was charged, in the Circuit Court of Jackson County, Municipal Division 301, with the offense of speeding, pursuant to citation number 181338101.

24. On or about April 3, 2019, citation number 181338101 was amended to the charge of operating a vehicle with defective equipment.

25. Following a guilty plea by Plaintiff to the amended charge, the court assessed a fine and court costs, totaling $225.00.

26. The fine and court costs of $225.00 were paid by Plaintiff to the Municipal Division of the Jackson County Circuit Court.

27. The costs paid by Plaintiff included the $25.00 specific item of court costs purported to be imposed by § 1810.2(i).

28. Each member of the class was charged with a violation of a Jackson County ordinance in Jackson County Circuit Court, Municipal Court Division, and, as a result, paid the $25.00 specific item of court costs purported to be imposed by § 1810.2(i) at some point between January 29, 2008 and June 29, 2020.

29. As a direct and proximate result of Defendant's conduct, as aforesaid, Plaintiff and each class member have been damaged in the sum of $25.00 for each case in which Plaintiff and each class member paid court costs during the class period as defined above.

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues.

WHEREFORE, Plaintiff prays for the Court's order certifying this cause as a class action, reassessing the costs in each case to eliminate the $25.00 fee purported to be imposed by § 1810.2(i), and thereafter judgment against Defendant in the sum of $25.00 for Plaintiff, plus judgment against Defendant in the sum of $25.00 for each class member for each case in which such member paid the $25.00 fee imposed by § 1810.2(i) of the Jackson County code, along with the costs of this action and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

LAW OFFICES MICHAEL S. SHIPLEY, LLC

By: /s/ Michael S. Shipley
Michael S. Shipley #33249
204 A East Kansas
Liberty, MO 64068
(816) 781-0299 Telephone
(816) 781-4088 Facsimile
mshipley@mshipleyllc.com

and

SCHMITT LAW FIRM, LLC

By: /s/ Ben T. Schmitt
Ben T. Schmitt #36828
2600 Grand Blvd.
Suite 380
Kansas City, MO 64108
Phone: 816-400-1000
Fax: 816-389-4015
ben@kansascitylawyers.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed and served, on September 4, 2020, via the Electronic Filing System.

/s/ Michael S. Shipley
Michael S. Shipley